**ALD-018**                                          **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

———————

No. 18-2277

———————

WILMER NOEL MATAMOROS RIVERA,
AKA Noe Garcia Mora, AKA Wilmer N. Rivera,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

———————————————————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A205-017-099)
Immigration Judge:  Annie S. Garcy

———————————————————

Submitted on the Government's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 25, 2018
Before:  MCKEE, SHWARTZ and BIBAS, <u>Circuit Judges</u>

(Opinion filed:  November 6, 2018)

———————

OPINION[*]

———————

PER CURIAM

———————————————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Wilmer Noel Matamoros Rivera petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing his appeal. The Government has moved for summary action, arguing that no substantial question is presented on appeal. We will grant the Government's motion and summarily deny the petition for review.

Matamoros Rivera, a citizen of Honduras, entered the United States without inspection. In April 2012, the Government charged Matamoros Rivera with removability for being present in this country without being admitted or paroled. See Immigration and Nationality Act (INA) § 212(a)(6)(A)(i) [8 U.S.C. § 1182(a)(6)(A)(i)]. Matamoros Rivera appeared with counsel before an Immigration Judge (IJ) in August 2012, conceded removability, and indicated that he would apply for withholding of removal and protection under the Convention Against Torture (CAT). The next hearing was postponed three times, until March 2015, at which time Matamoros Rivera submitted his withholding and CAT protection applications, expressing a fear that gang members in his home country would harm him because he refused to pay a "war tax." The IJ scheduled the next hearing for May 25, 2017.

On that date, Matamoros Rivera appeared before the IJ and testified in support of his applications. The IJ also denied Matamoros Rivera's requests for relief, concluding that he was not credible and that, alternatively, he did not qualify for withholding of removal or protection under the CAT. Matamoros Rivera appealed. The Board of Immigration Appeals assumed that Matamoros Rivera testified credibly, but agreed with the IJ that he failed to demonstrate that the gang targeted him on account of a protected

ground and failed to establish that he was more likely than not to be tortured by or with the acquiescence of a public official in Honduras.[1]  Accordingly, the Board dismissed the appeal.  This timely petition for review followed.

We generally have jurisdiction to review a final order of removal under INA § 242(a)(1) [8 U.S.C. § 1252(a)(1)].  We review the agency's legal conclusions under a de novo standard, but must uphold the agency's factual findings "unless any reasonable adjudicator would be compelled to conclude to the contrary."  INA § 242(b)(4)(B) [8 U.S.C. § 1252(b)(4)(B)]; see also Mendoza-Ordonez v. Att'y Gen., 869 F.3d 164, 169 (3d Cir. 2017).

Matamoros Rivera's counseled brief does not directly challenge the Board's conclusion that he failed to establish eligibility for withholding of removal and protection under the CAT.  Instead, Matamoros Rivera asserts that Board failed to consider relevant evidence, and that his appeal should have been considered by a three-member panel of the Board.  The Government has filed a motion for summary affirmance, which we construe as a motion to summarily deny the petition for review.

---

[1] The Board also concluded that there was good cause for the IJ's denial of Matamoros Rivera's request for continuance.  Matamoros Rivera had sought a continuance so that he could submit documents that were being mailed to him from Honduras.  The IJ held, however, that Matamoros Rivera had been advised to submit evidence 60 days prior to the hearing, that the "new" evidence—which included death records of family and friends who allegedly were murdered years ago—could have been submitted earlier, and that, in any event, the documents were not relevant to his case.  Matamoros does not meaningfully challenge the denial of his request for a continuance.  See Bradley v. Att'y Gen., 603 F.3d 235, 243 n.8 (3d Cir. 2010) (holding that argument not raised in opening brief is waived).

3

Matamoros Rivera claimed that the BIA "totally overlooked" the 2013 State Department Human Rights Report on Honduras.  This allegation is simply incorrect.  In addressing his CAT claim, the Board stated that "although the Department of State's *Honduras 2013 Human Rights Report* indicates that there is troubling misconduct by government officials, there was no evidence that individuals like [Matamoros Rivera] who are subjected to extortion are more likely than not to be tortured by or with the acquiescence of a public official in Honduras."  Matamoros Rivera also faults the Board for failing to consider the 2017 Overseas Security Advisory Council Crime and Safety Report for Honduras, which he cited in his brief on appeal to the BIA.  But the BIA is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner."  Zheng v. Att'y Gen., 549 F.3d 260, 268 (3d Cir. 2008) (citation omitted).  Moreover, the portion of that report cited in Matamoros Rivera's brief does not support his claim for CAT relief.  The cited portion of the report stated, in relevant part, that "criminals operate with a high degree of impunity" because the Honduran government "lacks resources to investigate and prosecute cases."  But a lack of resources to stop the threat of torture does not constitute sufficient state action for purpose of CAT relief.  See Pierre v. Att'y Gen., 528 F.3d 180, 189  (3d Cir. 2008) ("The lack of medical care and likely pain that Pierre will experience is an unfortunate but unintended consequence of the poor conditions in the Haitian prisons, which exist

4

because of Haiti's extreme poverty. We find that this unintended consequence is not the type of proscribed purpose contemplated by the CAT.").

Finally, Matamoros Rivera asserts that, because the IJ made clearly erroneous findings of fact, the BIA erred in not referring the case to a three-member panel.[2] Pursuant to 8 C.F.R. § 1003.1(e), "all cases shall be assigned to a single Board member for disposition" unless the "case meets the standards for assignment to a three-member panel under paragraph (e)(6) of this section." Paragraph (e)(6) provides that a case may be assigned to a three-member panel if it, inter alia, presents the "need to review a clearly erroneous factual determination by an immigration judge." 8 C.F.R. § 1003.1(e)(6)(v). Notably, however, Matamoros Rivera has not identified any relevant erroneous factual determinations that were made by the IJ. Although he argued on appeal to the Board that the IJ's adverse credibility finding was erroneous, Administrative Record, 44, the Board assumed that Matamoros Rivera testified credibly. And Matamoros Rivera has not alleged that there was any error in the factual determinations underlying the IJ's alternative conclusion that, even if credible, he is ineligible for withholding of removal and CAT protection. Therefore, he has failed to demonstrate that his case should have been reviewed by a three-member panel of the BIA.

---

[2] He also devotes a substantial portion of his brief to arguing that we have jurisdiction over this claim. Pet'r's Br., 21-29. Our jurisdiction over this claim is not in dispute, however. See Purveegiin v. Gonzales, 448 F.3d 684, 688-92 (3d Cir. 2006) (holding that jurisdiction existed over claim that Board was required to refer petitioner's case for three-member review);

For the above reasons, and because no substantial question is presented in this case, we grant the Government's motion for summary action and will deny the petition for review. <u>See</u> 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

6